## (September 17, 1963)

In the Matter of ISIDORE BALABAN et al., Petitioners, v. MAX J. RUBIN et al., Constituting the Board of Education of the City of New York, et al., Respondents.— This is a proceeding by parents of certain school children to annul the determination of the respondents, the Board of Education of the City of New York and its School Superintendents, to assign the children to a new Junior High School, No. 275, in Brooklyn, and to compel respondents to assign the children to Junior High School, No. 285, in Brooklyn. The Justice who heard the matter rendered his written decision on Friday, September 6, 1963, in favor of petitioners [40 Misc 2d 249]. On the following day, and before the entry of judgment (which the Justice had directed to be settled on notice), the Justice, at the instance of petitioners, made an order ex parte, which: (a) stayed, pending the entry of judgment, the respondents' determination; (b) restrained them from preventing the children from attending School No. 285; and (c) directed them (the respondents) to take all necessary action to facilitate the children's entry into School No. 285 pending the entry of the judgment. In effect, this order gave petitioners all the relief to which they would be entitled under the judgment. Respondents now move pursuant to statute (CPLR, § 5704) to vacate the ex parte order. Upon the argument of this application counsel advised the court that, after petitioners had made a motion to punish the respondents for contempt by reason of their failure to comply with the ex parte order, respondents had in fact obeyed such order and that the children are now enrolled in and attending School No. 285. The application to vacate the ex parte order is denied on the sole ground that it would now be unfair and a hardship to the children to again dislocate and disrupt them. We do not pass upon any other question. The court has been informed that the judgment has since been signed. In view of the public interest involved, the court directs: (1) that the appeal from the judgment be set down for argument on Wednesday, September 25, 1963 at 2 o'clock in the afternoon; and (2) that the appeal be heard on the original papers and on the printed or typewritten briefs of the respective parties. If the briefs be printed, 19 copies of the respective briefs shall be filed and 3 copies served before the date fixed for argument; if typewritten, 6 copies of the respective briefs shall be filed and one copy served before the date fixed for argument. Ughetta, Kleinfeld, Christ and Brennan, JJ., concur; Beldock, P. J., concurs with the following memorandum: This proceeding is one of great public interest; it relates to the racial problem currently agitating the whole Nation. It presents for determination basic constitutional questions and sharply disputed issues of law and fact. In such a momentous matter it is indeed regrettable that an ex parte order — an order made without notice and

without a hearing — should have been sought and summarily issued before entry of the judgment and before appellate review. Whether intended or unintended, the result of the ex parte order, followed by the contempt proceeding, was to force the Board of Education immediately to effectuate the judgment in advance of its entry and its review by this court; to present this court with a *fait accompli*; and to render futile any application which the board ordinarily would have made to this court for a stay of the judgment and for the maintenance of the *status quo* pending the appeal. Consequently, I am constrained to concur in the denial of the present application to vacate the ex parte order, my concurrence being solely on the ground that any other course *now* would serve only to aggravate the existing situation.